**Craig A. WISE and Kathleen A. Wise,
Plaintiffs,**

v.

**John W. DAWSON et al., Defendants.**

Superior Court of Delaware,
New Castle.

Submitted July 10, 1975.

Decided Dec. 29, 1975.

Frank J. Miller, Wilmington, for plaintiffs.

Karl J. Parrish, Wilmington, for defendant Residential Realty Co.

Gary Greenstein, Gerald Z. Berkowitz, of Knecht, Greenstein & Berkowitz, Wilmington, for defendants Helen E. Zynosky and Jerome R. Gerson, Inc.

LONGOBARDI, Judge.

In August of 1972, Plaintiffs Craig A. Wise and Kathleen A. Wise ("Buyers") became interested in a real estate advertisement placed in the newspaper by Jerome R. Gerson Realtors ("Gerson"). Plaintiffs' phone call to Gerson Realtors resulted in their being introduced to Helen E. Zynosky, a sales agent for that company. She showed to them the advertised home; however, they were not interested. She then provided for them a multi-list book from which the Plaintiffs and Zynosky selected for consideration the subject property, 1202 Heather Lane in Carcroft Crest. The Defendant Residential Realty ("Residential") was the listing agent.

The property was shown to the Plaintiffs. There is dispute between the Plaintiffs and Zynosky as to the representations made by Zynosky to the Plaintiffs as well as representations made by Mr. and Mrs. Dawson ("Sellers"). Some time after the contract of sale was signed and settlement was made, Plaintiffs discovered a faulty roof and fireplace (among other problems) concerning which representations of better quality had been allegedly made by Zynosky. In this motion for summary judgment by the listing agent, there is no need to consider representations made by the Sellers. There is no allegation of liability of Residential for any false representations of the Dawsons.

Plaintiffs have joined as Defendants the selling realtor, the listing realtor and the Sellers. Defendant Residential moves for summary judgment arguing that as a matter of law the listing agent in a multi-list situation has no liability for the misrepresentations of the selling agent.

The question on summary judgment is whether the relationship between the listing agent and selling agent in a standard multi-list arrangement should be characterized at least for the purpose of liability as "agent and subagent." If the relationship is agent-subagent, then Residential, as listing agent of the Seller, would be liable for the tortious misrepresentation of the selling realtor, Jerome R. Gerson Realtors. Basic agency law would so dictate (see Sections 255 and 361, *Restatement 2 Agency*).

■ Initially, Defendant Residential argues that the contract between the Buyers and the Sellers clearly indicates that neither agent is liable in this action. The contract clause in point provides:

"14. IT IS FURTHER AGREED AND UNDERSTOOD that the Agent (Agents) herein named is acting as agent only and shall have no liability to either party for the performance of any term or covenant of this agreement or for damages for nonperformance thereof. CO-BROKER *Jerome R. Gerson, Inc.*"

This clause would possibly be effective in a contract action. Thus suit, however, is in tort for misrepresentation. Moreover, it is a well-established principle that liability for fraudulent misrepresentation cannot be contracted away. While allowing paragraph 14 to relieve the agents involved for liability for nonperformance or for breach of the contract, there is no valid ground for exculpating them in an action for tortious misrepresentations.

Defendant Residential suggests the view that the realtors in the multi-list situation stand in the position of independent contractors one to the other. Plaintiffs present the realtors as either an agent-subagent relationship or perhaps joint venturers [1] with consequential liability of Residential for Gerson's alleged misrepresentation.

■ Labeling a legal relationship as one of agency is a problem always burdened with factual issues. In particular with the

1. There is little legal basis for characterization of the relationship as a joint venture. (See generally 46 *Am.Jur.2d*, Joint Ventures).

exception of actual express authority, the proof of an agency relationship must derive from an analysis of the prior relationship of the parties, reliance (or lack thereof) upon apparent authority, knowledge, intent and other specific indicia of implied authority and a myriad of other facts pertinent to the particular case.

■ In the case of *Barley Mill Realty, Inc. v. Gilpin, VanTrump and Montgomery, Inc.*, 676 Civil Action 1973, unreported opinion of this Court dated April 8, 1975, we held that a multi-list relationship could not be held as a matter of law to be one of agent-subagent. In that case, it was only necessary to demonstrate that the nearly universal multi-list procedures would not create any agency association. The situation in the case at hand suggests that we can go further and hold that a multi-list arrangement between listing and selling agents is not an agency relationship unless clearly proven otherwise.

An understanding of the multiple listing regulations, definition and usage discloses that there is no indicia of agency. The definition of multi-list as promulgated by the New Castle County Board of Realtors demonstrates its purpose is merely an exchange of information and not the creation of any specific relationship between the parties.

> "Definition of Multi-List. A Multiple Listing Service is defined as a means of making possible the orderly dissemination and correlation of listing information to its members so that Realtors may better serve the buying and selling public."
>
> "Purpose of Multi-List. Through the facility of Multiple Listing (Multi-List), information concerning individual listings can be made known to all Realtors who participate in the activity . . . . Regardless of the methods

used, the basis of the Multiple Listing activity is the creation of a facility whereby Realtors may cooperate most effectively in the exchange of information about their listings and thereby give maximum service to the buying and selling public." [2]

The multi-list service provides for no control of the selling agent by the listing agent thereby negating one of the major elements of agency. The splitting of the fees between the two realtors is also not an indication of agency but only a recognition of the mutual effort and cooperation used to effect the sale of the property. The splitting of fees frequently occurs in independent contractor situations.

The widespread acceptance and practical use of the multi-list system reflects the view that there is no agency relationship between the brokers. The case most specifically on point is *Pumphrey v. Quillen*, 102 Ohio App. 173, 141 N.E.2d 675 (1955). Plaintiff, purchaser of a house, brought suit against vendors, the listing realtors and the selling realtors for fraudulently misrepresenting the outside walls as "Perma Stone." In dismissing the listing agent from that liability for the misrepresentations of the selling realtor's sales agent, the Court found that there was no evidence of agency.

> "Taylor [selling agent] showed the house, which was empty, with the permission of Force (listing agent) to his (Taylor's) clients by virtue of the multiple listing arrangement. The Quillens (sellers) had not authorized Taylor to represent them, nor had they authorized their agent, Force, to employ him or anyone else to sell their house. Taylor was not associated in business with Force, except as a fellow member of the 'multiple listing group,' of which the Quillens knew nothing. The Quillens

**2.** Realtors' Manual—New Castle County Board of Realtors—State of Delaware. January 1, 1974, p. 25. See in general the chapter: "Multi-list Rules and Regulations of the New Castle County Board of Realtors" for an overview of multi-listing service showing the custom and usage of such a service by realtors.

paid the entire commission to Force and nothing to Taylor. Force did, however, split the commission with Taylor." 141 N.E.2d p. 680.

This Court is aware that specific interaction between realtors may be such to create an express or implied agency involvement. However, because of the reasoning in *Barley Mill Realty* (supra) and *Pumphrey v. Quillen* (supra) as well as the definition and customary practice in multi-list situations, the burden must be on the party alleging an agency relationship to prove that fact. Viewing the facts and affidavits in the light most favorable to the Plaintiff, I can find no genuine issues of material facts to establish agency. Residential Realty is entitled to dismissal from liability as to any alleged misrepresentations of Jerome R. Gerson Realtors. Summary Judgment is granted.

IT IS SO ORDERED.